# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:25-cv-1368 ) |
| v. | ) ) |
| JUNGCLAUS-CAMPBELL CO., INC., an Indiana domestic for-profit corporation, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, JUNGCLAUS-CAMPBELL CO., INC as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

   (b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered and 29 U.S.C. Section 185(c).

## PARTIES

2. (a) The Plaintiff in this count is MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS PENSION FUND, ("the Fund"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

   (b) The Fund has been established pursuant to collective bargaining agreements previously entered into between Cement Masons Local 692 and its affiliated locals (the "Union")

and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

   (c) The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Fund.

  3. (a) JUNGCLAUS-CAMPBELL CO., INC is an Indiana domestic for-profit corporation (hereafter "JUNGCLAUS-CAMPBELL and employs employees represented by the Union and is bound to make contributions for hours worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

   (b) JUNGCLAUS-CAMPBELL has its principal place of business in Indianapolis, Indiana.

   (c) JUNGCLAUS-CAMPBELL is an employer engaged in an industry affecting commerce.

  4. Since August 28, 2006, JUNGCLAUS-CAMPBELL has entered into successive collective bargaining agreements with Cement Masons Local 692 pursuant to which it is required to pay specified wages and to make periodic contributions to the Fund on behalf of certain of its employees. (Exhibit A)

  5. By virtue of certain provisions contained in the collective bargaining agreements, JUNGCLAUS-CAMPBELL is bound by the Trust Agreement establishing the Fund.

  6. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, JUNGCLAUS-CAMPBELL is required to make contributions to the Fund on behalf of its employees and, when given reasonable notice by Plaintiff or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. An audit was completed for the time period of April 1, 2020 through May 31, 2025 for $103,200.66 benefits, $10,320.07 10% liquidated damages, $254.27 late charged, and $2,430.00 audit costs for a total amount due of $116,205.00 plus attorney's fees and costs.

**WHEREFORE**, Plaintiffs pays for relief as follows:

A. Judgment be entered against JUNGCLAUS-CAMPBELL and in favor of Plaintiffs, in the amount shown due under the audit of $116,205.00.

B. Plaintiffs be awarded their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and Section 502(g)(2).

C. JUNGCLAUS-CAMPBELL be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Fund and be ordered to resume making those payments.

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

MATT RHOADES, et. al.

By: /s/ Donald D. Schwartz
Counsel for Plaintiffs

Donald D. Schwartz
ARNOLD AND KADJAN LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com